**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4820**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JASON CONRAD POOLE,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:96-cr-00238-AW-1)

_____

Submitted: May 19, 2009        Decided: June 18, 2009

_____

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert W. Biddle, C. Justin Brown, NATHANS & BIDDLE, LLP, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michele W. Sartori, Barbara S. Skalla, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Conrad Poole appeals an order of the district court reinstating his original sentence of 262 months imprisonment as directed in United States v. Poole, 531 F.3d 263 (4th Cir. 2008). We affirm.

In Poole, we held that the district court improperly exercised jurisdiction over Poole's habeas corpus petition filed under 28 U.S.C. § 2241 (2006). Id. at 274. Having found jurisdiction, the district court had decided that the savings clause of 28 U.S.C.A. § 2255 (West Supp. 2008) applied and addressed the merits of the § 2241 petition. The court vacated the original sentence, resentenced Poole to 135 months imprisonment, and ordered him released. We reversed the district court's decision and remanded the case with instructions to reinstate the original sentence.

On remand, Poole moved for an in-court resentencing with consideration of the 18 U.S.C. § 3553(a) (2006) factors and for a sentence reduction under 18 U.S.C. § 3582(c) (2006). The district court held that its only mandate was to reinstate the original sentence and that it had no authority to consider the § 3553(a) factors in doing so. The court granted the government's motion for immediate execution of the mandate, ordered Poole to surrender himself, denied Poole's request for

2

resentencing under § 3553(a), and reserved its ruling on Poole's § 3582(c) motion.

Poole appeals the portion of the district court's order which denied his motion for a resentencing under § 3553(a), arguing that 18 U.S.C. § 3742(g) (2006) compels the district court to resentence a defendant under § 3553(a) on remand.

Poole acknowledges that the "mandate rule" requires a district court to comply "on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (citation omitted). He argues that § 3742(g) nevertheless takes precedence. Section 3742(g) provides that "[a] district court to which a case is remanded pursuant to subsection (f)(1) or (f)(2) shall resentence a defendant in accordance with section 3553 and with such instructions as may have been given by the court of appeals[.]" Subsections (f)(1) and (f)(2) provide that, if the court of appeals decides that:

> (1) the sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate; [or]
>
> (2) the sentence is outside the applicable guideline range and the district court failed to provide the required statement of reasons in the order of judgment

3

and commitment, or the departure is based on an impermissible factor, or is to an unreasonable degree, or the sentence was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable, it shall state specific reasons for its conclusions[.]

Neither subsection (f)(1) nor (f)(2) of § 3742 applies here because we did not remand Poole's case to the district court for resentencing to correct an error in the original sentence. Instead, the case was remanded solely for the district court to correct its erroneous assertion of jurisdiction over Poole's § 2241 petition by reinstating the original sentence. The district court complied with our mandate. The district court did not err in determining that it lacked authority to consider the § 3553(a) factors because it was without authority to alter the sentence for any reason.

We therefore affirm the district court's order reinstating Poole's original 262-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED